IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 OCT 23 A 10: 49

JOSE GILBERTO SERRANO GOYCO,

 Petitioner,

v.           CIVIL ACTION NO.: CV206-092

JOSE M. VAZQUEZ, Warden,

 Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jose Gilberto Serrano-Goyco ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). Respondent filed a Return on the Court's Order to Show Cause. Petitioner was subsequently released from custody, and Respondent has now filed a Supplemental Return on Order to Show Cause. For the following reasons, the petition for writ of habeas corpus should be **DISMISSED**.

## STATEMENT OF THE CASE

Petitioner was formerly serving a sixty-three (63) month' sentence at FCI Jesup when he filed the instant petition for writ of habeas corpus on April 14, 2006. (Gov. Ex. 1, p. 3, Doc. No. 1). Petitioner asserts that the Bureau of Prisons ("BOP") refused to place him in home confinement for the last six months or ten percent of his sentence, a placement which he contends is his "statutory right" under 18 U.S.C. § 3624(c). (Doc. No. 1, p. 1). Petitioner alleges that the BOP's placement decision subjected him to double

AO 72A
(Rev. 8/82)

jeopardy, retaliation in violation of his First Amendment rights, and cruel and unusual punishment. (Doc. No. 1, pp. 3-5).

In his Return on Order to Show Cause, Respondent initially alleged that Petitioner failed to exhaust his administrative remedies, a jurisdictional prerequisite to relief under a § 2241 petition. (Doc. No. 13, pp. 3-5). However, because Petitioner was subsequently released from custody, Respondent now contends that the petition should be dismissed as moot. (Doc. No. 20).

## DISCUSSION AND CITATION TO AUTHORITY

The jurisdiction of the federal courts to entertain a petition for habeas corpus hinges on whether the petitioner's challenge is moot. Article III, Section 2 of the Constitution requires a live case or controversy, meaning that, throughout the litigation, the petitioner must have "suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S. Ct. 1249, 1253, 108 L. Ed. 2d 400 (1990). Where an incarcerated petitioner challenges his confinement, this case or controversy requirement is always met because incarceration itself constitutes actual injury. Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 983, 140 L. Ed. 2d 43 (1998). "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration of parole - some 'collateral consequence' of the conviction - must exist if the suit is to be maintained." Id. The Supreme Court has previously been willing to presume that such collateral consequences remain after the expiration of a petitioner's sentence where it is the legality of the conviction that is challenged. Cafaras v. LaVallee, 391 U.S. 234, 237-238, 88 S. Ct. 1556, 1559, 20 L. Ed. 2d 554 (1968); Sibron v. New York, 392 U.S.

2

40, 55, 88 S. Ct. 1889, 1898, 20 L. Ed. 2d 917 (1968). However, where a petitioner is challenging only the legality of his sentence, rather than the underlying conviction itself, this presumption no longer applies. Lane v. Williams, 455 U.S. 624, 632, 102 S. Ct. 1322, 1327, 71 L. Ed. 2d 508 (1982); Spencer, 523 U.S. at 14, 118 S. Ct. at 986. Release from custody renders the habeas action moot unless the petitioner can show the existence of some collateral consequences arising upon the expiration of his sentence. Spencer, 523 U.S. at 14, 118 S. Ct. at 986.

In the instant case, Petitioner apparently sought relief in the form of placement in home confinement for the last six months or ten percent of his sentence. He challenged only the legality of his sentence, not the underlying conviction for which he was incarcerated. Because Petitioner has been released from custody, there is no longer a live case or controversy to be litigated in this Court. A decision on the merits in Petitioner's favor would entitle him to no additional relief, and thus he no longer has a personal stake in the outcome. Petitioner is not threatened with any actual injury that could be redressed by a favorable judicial decision. See Lewis, 494 U.S. at 477, 110 S. Ct. at 1253. Furthermore, Petitioner has failed to assert any collateral consequences or give any reason why his petition should not be dismissed as moot. Accordingly, Petitioner is not entitled to the requested relief because his petition has been rendered moot by his release.

3

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED and RECOMMENDED**, this 23rd day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)